IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-02417-MSK-BNB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

215 GOLD TRAIL, BOULDER, COLORADO,
2002 LANCE CAMPER, S/N 148434,
2002 SUBARU OUTBACK, VIN 4S3BH665826654543, and
2002 TRIUMPH MOTORCYCLE, VIN SMT395DJ92J150514,

    Defendants.

## ORDER DENYING, IN PART, THE UNCONTESTED MOTION TO AMEND

THIS MATTER comes before the Court on the Plaintiff's Uncontested Motion to Amend Order Dismissing **(#47)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

In this action, the Plaintiff commenced a forfeiture *in rem* action against real and personal property pursuant to the civil forfeiture provisions of 21 U.S.C. § 881. Claims 1 and 2 sought forfeiture of the real property, and Claims 3, 4 and 5 sought forfeiture of the personal property ("the vehicles"). Pursuant to an order of this Court, all of the vehicles were seized.

The Plaintiff subsequently filed an Uncontested Motion to Dismiss Certain Assets **(#45)**, namely, the vehicles. The purpose of the motion was to allow the claimant of such vehicles (Lewis Perkins) to take possession of them and sell them. The motion also states that the parties agree that a Certificate of Reasonable Cause may issue pursuant to 28 U.S.C. § 2465, although

such relief was not explicitly requested in the motion.

Regarding such motion, the Court issued an Order dismissing all claims against the vehicles. The Plaintiff now requests an amendment of the Order and asserts that the Court's ruling was incorrect, was contrary to "standard practice in this District and around the country," failed to include language required by 28 U.S.C. § 2465, and has the effect of precluding the vehicles from being returned to Mr. Perkins.

To begin, the initial motion came before the Court as an uncontested motion without any supporting law. Parties filing uncontested motions should never assume that their motions will be granted or that the Court will blindly issue the orders they propose, even if that is the "standard practice."

Moreover, in any civil action, it is not "parties" who are dismissed, but instead the claims asserted against them. In its Uncontested Motion to Amend Order Dismissing, the Plaintiff cites no law for a contrary position. The Plaintiff also cites no law to support its conclusory assertion regarding the effect of the Court's ruling. However, it is apparent from such motion that the Court's Order does not fully accomplish the result intended by the parties – the return of the vehicles to Mr. Perkins so that he might sell them. Therefore, the Court will order the same.

The Plaintiff also asks the Court to issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465(a), which provides:

> (a) Upon the entry of a judgment for the claimant in any proceeding to condemn or forfeit property seized or arrested under any provision of Federal law--
> > (1) such property shall be returned forthwith to the claimant or his agent; and
> > (2) if it appears that there was reasonable cause for the seizure or arrest, the court shall cause a proper certificate

>thereof to be entered and, in such case, neither the person who made the seizure or arrest nor the prosecutor shall be liable to suit or judgment on account of such suit or prosecution, nor shall the claimant be entitled to costs, except as provided in subsection (b).

According to the stipulation of the parties, there was reasonable cause for the seizure of the vehicles.

**IT IS THEREFORE ORDERED** that:

(1) The Uncontested Motion to Amend Order Dismissing **(#47)** is **DENIED IN PART** and **GRANTED IN PART**.

(2) Defendants 2002 Subaru Outback, 2002 Triumph Motorcycle, and 2002 Lance Camper shall be returned forthwith to claimant Lewis Perkins: .

(3) This Order constitutes a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465(a) as to Defendants 2002 Subaru Outback, 2002 Triumph Motorcycle, and 2002 Lance Camper.

Dated this 12th day of May, 2006

                    **BY THE COURT:**

                    */s/ Marcia S. Krieger*

                    Marcia S. Krieger
                    United States District Judge